UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOHN ALEXIS MOJICA-BÁEZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 14-1141 (JAF)

(Crim. No. 97-110-4)

**OPINION AND ORDER**

John Alexis Mojica-Báez ("Mojica-Báez") comes before the court with a petition under Title 28 U.S.C. §§ 2241(a)(c)(3) and 1651. (Docket No. 1.) However, because his motion falls within the substantive scope of 28 U.S.C. § 2255, we must re-characterize it as a § 2255 petition. Trenkler v. United States, 536 F.3d 85, 97 (2008). In light of this re-characterization, we must dismiss Mojica-Báez's petition as a successive petition.

**I.**

**Background**

Mojica-Báez was indicted on May 28, 1997, and began a jury trial on May 29, 1998. (Crim. No. 97-110). He was convicted of two counts of armed robbery, one count of assault, one count of breaking and entering, and one count of using and carrying a firearm in relation to a crime of violence. U.S. v. Mojica-Báez, 229 F.3d 292, 297 (1st Cir. 2000). We sentenced Mojica-Báez to a total of three-hundred thirty (330) months imprisonment. (Crim. No. 97-110, Docket No. 330.) He appealed, and the First Circuit affirmed his conviction and sentence. Mojica-Báez, 229 F.3d at 313. Mojica-Báez then petitioned for a writ of certiorari, which was denied. Mojica-Báez v. United States, 121 S. Ct. 2215 (2001).

On June 4, 2002, Mojica-Báez moved to vacate his sentence under 28 U.S.C. § 2255. (Crim No. 97-110, Docket No. 493; Civ. No. 02-1841, Docket No. 1.) We dismissed his habeas petition on December 9, 2003. (Crim No. 97-110, Docket No. 512; Civ. No. 02-1841, Docket Nos. 2-3.) On January 21, 2004, Mojica-Báez moved for a certificate of appealability, which we denied on April 12, 2004. (Civ. No. 02-1841, Docket Nos. 4, 10.) On May 12, 2004, Mojica-Báez filed a petition with the First Circuit again requesting a certificate of appealability, which the First Circuit denied on December 17, 2004. (Court of Appeals Docket No. 04-1267.) On January 12, 2006, Mojica-Báez requested the First Circuit's permission to file a successive § 2255 petition, and this too was denied on February 6, 2006. (Court of Appeals Docket No. 06-1122.)

On February 21, 2014, Mojica-Báez filed the instant motion entitled "Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241(a)(c)(3) or the All Writs Act Under § 1651." (Docket No. 1.) On March 19, 2014, we deemed this to be a § 2255 petition and ordered the government to respond. (Docket No. 6.) On April 15, 2014, the government filed a response in opposition. (Docket No. 10.)

## II.

## Jurisdiction

Mojica-Báez argues that his motion is not a petition under 28 U.S.C. § 2255, despite alleging that "he is currently incarcerated in violation of the Constitution, laws or treaties of the United States." (Docket No. 1.) However, the First Circuit has stated that "substance trumps form," and any motion "filed in the district court that imposed the sentence, and substantively within the scope of § 2255 is a motion under § 2255, no matter what title the prisoner plasters on the cover." Trenkler, 536 F.3d at 97 (internal citations omitted) (citing with approval another case that re-characterized a self-styled

§ 2241 petition as a petition under § 2255). A petition such as this, brought by a currently-incarcerated federal prisoner, and that "challenges his sentence as unauthorized under the statutes of conviction […falls…] squarely within the heartland carved out by Congress in section 2255." Id. In 2003, we dismissed Mojica-Báez's first § 2255 petition. (Crim No. 97-110, Docket No. 512; Civ. No. 02-1841, Docket No. 2-3.) Therefore, this is properly deemed a successive petition.

Before filing a second or successive petition under § 2255, a petitioner "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…."). Without this prior certification, a district court lacks jurisdiction. Trenkler, 536 F.3d at 96. On December 17, 2004, the First Circuit denied Mojica-Báez's motion for a certificate of appealability. (Court of Appeals Docket No. 04-1267.) On February 6, 2006, the First Circuit denied Mojica-Báez's request for permission to file a successive § 2255 petition. (Court of Appeals Docket No. 06-1122.) Because the First Circuit has not granted Mojica-Báez certification to file a successive petition, we lack jurisdiction to entertain one.

## III.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Mojica-Báez may once again request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## IV.

## Conclusion

For the foregoing reasons, we hereby **DENY** Mojica-Báez's motion, properly characterized as one under § 2255. (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Mojica-Báez is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22nd day of April, 2014.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        U. S. DISTRICT JUDGE